Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| NOEL RUIZ REYES<br><br>Apelante<br><br>v.<br><br>WANDA I. BERGOLLO LÁNCARA Y OTROS<br><br>Apelada | KLAN202400962 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Incumplimiento Culposo de Contrato; Daños y Perjuicios; Cobro de Dinero; Enriquecimiento Injusto y Reclamo de Créditos<br><br>Caso Núm. BY2022CV05036 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de enero de 2025.

La parte apelante, el señor Noel Ruiz Reyes, comparece ante nos para que dejemos sin efecto la *Sentencia* emitida el 29 de agosto de 2024 y notificada el 4 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante la misma, el foro primario declaró *Ha Lugar* una moción de desestimación presentada por los aquí apelados, Wanda I. Bergollo Láncara, Ramón Antonio Resto Jiménez y la Sociedad Legal de Gananciales por ambos compuesta.

Por los fundamentos que expondremos a continuación, se modifica la *Sentencia* apelada, a los fines de dejar sin efecto la desestimación emitida en cuanto a la cuarta causa de acción, intitulada *Reclamo de Gastos Relacionados a la Demanda del Banco Popular*, y la sexta causa de acción, intitulada *Daños Post-Sentencia.*

**I**

El 3 de octubre de 2022, la parte apelante presentó la demanda de epígrafe sobre incumplimiento culposo de contrato,

daños y perjuicios, cobro de dinero, enriquecimiento injusto y reclamo de créditos. En el pliego, presentó seis (6) causas de acción en contra de la parte apelada. Mediante la primera causa en cuestión, intitulada *Incumplimiento con la Sentencia Emitida en el Caso D AC2008-3368*, alegó que la señora Bergollo Láncara incumplió con los términos de la referida sentencia, y solicitó el pago de daños por angustias y sufrimientos emocionales causados por dicho incumplimiento. En específico, solicitó al foro primario que tomara conocimiento judicial de la sentencia emitida el 5 de diciembre de 2017 en el Caso Núm. D AC2008-3368[1]. Mediante esta, se liquidó la comunidad de bienes existente entre el apelante y la señora Bergollo Láncara. Además, la referida determinación dispuso sobre los pagos y créditos habidos entre las partes, y se ordenó la venta en pública subasta de un inmueble comunal sito en Toa Alta. No obstante, la parte apelante alegó en su demanda que, la apelada se negó a vender dicho inmueble, causando la pérdida de tres (3) prospectos compradores.

En la segunda causa de acción, intitulada *Reclamo de Créditos Post Sentencia*, el apelante solicitó al foro primario que ordenara el cobro de créditos por pagos no efectuados por la señora Bergollo Láncara, para satisfacer la totalidad de las deudas pertenecientes a la comunidad, conforme la sentencia del Caso Núm. D AC2008-3368. Arguyó que la señora Bergollo Láncara, a pesar de ser responsable de pagar la mitad de la hipoteca gravada al inmueble sito en Toa Alta, dejó de emitir el pago correspondiente, y, por consiguiente, él se hizo responsable de dicha partida. Sostuvo que la apelada también dejó de pagar la mitad de las contribuciones correspondientes a un terreno que pertenecía a ambos, localizado

---

[1] Véase: *Wanda I. Bergollo Láncara v. Noel Ruiz Reyes*, Caso Núm. D AC2008-3368.

en Texas, y que él se hizo cargo del pago total para evitar multas y una posible ejecución del terreno por parte del Estado.

Mediante la tercera causa de acción, intitulada *Cobro de Dinero por el Uso Exclusivo de la Residencia*, la parte apelante sostuvo que, además de haberse rehusado a vender el inmueble sito en Toa Alta, la señora Bergollo Láncara se ha mantenido residiendo en el mismo de manera exclusiva y sin pagar por dicho beneficio. Indicó haberle requerido a la señora Bergollo Láncara que emitiera un pago específico y periódico. Sin embargo, adujo que esta hizo caso omiso a lo solicitado, mientras continuaba sirviéndose del inmueble exclusivamente. Por tanto, solicitó el pago de una suma ascendente a $16,200.00, la cual peticionó continuara en aumento hasta que la señora Bergollo Láncara dejara de servirse exclusivamente del inmueble.

En su cuarta causa de acción, intitulada *Reclamo de Gastos Relacionados a la Demanda del Banco Popular*, el apelante alegó que, como consecuencia directa del incumplimiento de la señora Bergollo Láncara, ambos fueron demandados por cobro de dinero y ejecución de hipoteca por el Banco Popular de Puerto Rico (Caso Núm. BY2022CV02470). Arguyó que tuvo que contratar representación legal para defenderse de dicha causa de acción, y que, al final, logró la paralización de los trámites incoados por el Banco Popular de Puerto Rico. Así, reclamó el reembolso de la mitad de los gastos incurridos en la contratación de representación legal, debido a que la señora Bergollo Láncara también fue parte demandada en el pleito, y, por consiguiente, se benefició de los trámites realizados por el apelante.

Por su parte, la quinta causa de acción, intitulada *Enriquecimiento Injusto*, fue incoada en contra de la señora Bergollo Láncara, el señor Resto Jiménez, y la Sociedad Legal de Bienes Gananciales compuesta por ambos. En esta, el apelante indicó que

la parte apelada se enriqueció injustamente, a costas de su propio empobrecimiento, al utilizar el inmueble sito en Toa Alta, de manera propia y exclusiva. Por tanto, solicitó al Tribunal de Primera Instancia que ordenara a la parte apelada el pago solidario por concepto de daños por enriquecimiento injusto por el uso exclusivo del referido inmueble.

Finalmente, en su sexta causa de acción, intitulada *Daños Post Sentencia*, la parte apelante sostuvo que, después de múltiples negociaciones con la señora Bergollo Láncara, el 3 de marzo de 2022, ambos aceptaron un acuerdo verbal post-sentencia. En específico, el apelante alegó que el referido acuerdo sería confirmado por escrito posteriormente. Sin embargo, arguyó que, cuando llegó el momento de firmar el acuerdo, la señora Bergollo Láncara se negó y procedió a incumplir con este, causando la pérdida de dos (2) prospectos compradores del inmueble sito en Toa Alta. Como consecuencia directa de ello, el apelante reclamó el pago de daños por concepto de angustias y sufrimientos emocionales, causado por el incumplimiento doloso por la señora Bergollo Láncara con el referido acuerdo.

Así las cosas, el 20 de diciembre de 2022, la parte apelada presentó una *Moción en Solicitud de Desestimación Regla 10.2*. En síntesis, peticionó que se desestimara la demanda en su contra, al amparo de la doctrina de cosa juzgada, y por dejar de exponer una reclamación que justificara la concesión de un remedio. Planteó que la totalidad de los hechos en la demanda versaban sobre un fallo dictado el 5 de diciembre de 2017, y que la parte apelante pretendía llevar a cabo una solicitud de ejecución de sentencia, mediante la radicación de una demanda en un pleito independiente. Así, solicitó al foro apelado que tomara conocimiento judicial de la sentencia en cuestión, mediante la cual el tribunal había ordenado la venta en pública subasta del inmueble. Además, arguyó que, de tomar como

ciertas las alegaciones de la parte apelante, cualquiera de las partes estaba facultada y autorizada, mediante el dictamen del tribunal, para solicitar la ejecución de la sentencia, sin esperar que transcurrieran casi cinco (5) años desde que fue notificada. De negarse en cumplir alguna de las partes, indicó que el remedio correspondiente era solicitar un auxilio del Tribunal.

El 17 de enero de 2023, la parte apelante presentó su *Oposición a Solicitud de Desestimación*. Expuso que la parte apelada omitió incluir y argumentar la mayoría de las causas de acción que fueron incluidas en la demanda de epígrafe, y que era improcedente la aplicación de la doctrina de cosa juzgada. En específico, sostuvo que la parte apelada se equivocó al plantear que la demanda de epígrafe versaba únicamente sobre un incumplimiento con la sentencia emitida en el Caso Núm. D AC208-3368. A saber, el apelante reiteró que los hechos que dieron génesis al caso ante nuestra consideración surgen con posterioridad a haberse dictado la referida sentencia, por lo que es inaplicable la doctrina de cosa juzgada. A su vez, añadió que el señor Resto Jiménez no formó parte del pleito anterior, argumentando así, el incumplimiento con la doctrina y su requisito de identidad de partes. En lo pertinente a la Regla 10.2, el apelante sostuvo que la parte apelada no discutió cada una de las causas de acción contenidas en la demanda, por lo cual no pudo probar que la demanda dejara de exponer una reclamación que justificase la concesión de un remedio. Es decir, arguyó que la parte apelada no cumplió con los requisitos necesarios para poner al tribunal en condiciones de conceder la desestimación del pleito. Por tanto, argumentó que la desestimación del pleito fue completamente improcedente en derecho, y debía denegarse de plano.

Luego de ciertos trámites, el 29 de agosto de 2024, el Tribunal de Primera Instancia emitió la *Sentencia* aquí apelada, la cual fue

notificada el 4 de septiembre de 2024. En la misma, acogió los argumentos expuestos por la parte apelada y, en consecuencia, declaró *Ha Lugar* la desestimación. En su pronunciamiento, el foro primario expresó que, los hechos en los cuales se fundamenta la demanda de epígrafe emanan de la sentencia dictada en el Caso Núm. D AC2008-3368. Así, al examinar dicho dictamen, determinó que procedía la desestimación del presente pleito por dejar de exponer una reclamación que justificase la concesión de un remedio, al aplicar la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Destacó que la parte apelante no podía instar una causa de acción en daños, sin haber agotado los remedios procesales y sustantivos provistos en nuestro ordenamiento jurídico para hacer cumplir con la ejecución de la sentencia. Consecuentemente, el foro primario desestimó todas las reclamaciones incoadas.

Inconforme, el 25 de octubre de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos:

> Erró el TPI al declarar con lugar la solicitud de desestimación presentada cuando los co-demandados omitieron demostrar que la demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado.

> Erró el TPI al declarar con lugar la solicitud de desestimación, toda vez que la demanda claramente demuestra que el Sr. Ruiz tiene derecho a la concesión de un remedio a su favor.

> Erró el TPI al declarar con lugar la solicitud de desestimación, toda vez que la referida Sentencia se sostiene en un hecho incorrecto y en aplicaciones de doctrina de derecho inaplicables a la controversia ante su consideración.

Luego de examinar el expediente de autos, y sin el beneficio de la comparecencia de la parte apelada, procedemos a expresarnos.

**II**

**A**

Nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg.,*

*Inc. et al.,* 132 DPR 115, 121 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). Considerando eso, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

Ahora bien, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. *Díaz Vázquez y otros v. Colón Peña,* 2024 TSPR 113, 214 DPR ___ (2024); *Blassino Alvarado et al v. Reyes Blassino et al,* 2024 TSPR 93, 214 DPR ___ (2024). Esta defensa "no está sujeta a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1066-1067 (2020). En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Díaz Vázquez y otros v. Colón Peña,* supra; *Blassino*

*Alvarado et al v. Reyes Blassino et al,* supra; *Costas Elena y otros v. Magic Sport y otros,* 2024 TSPR 13, 213 DPR ___ (2024); *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994).

De igual forma, la demanda deberá ser interpretada con mayor liberalidad a favor de las alegaciones de la parte demandante, por lo que, recayendo la carga probatoria en el promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo de los hechos que puedan ser probados en apoyo a su requerimiento. *Díaz Vázquez y otros v. Colón Peña,* supra; *Inmobiliaria Baleares, LLC y otros v. Bernabé González y otros,* 2024 TSPR 112, 214 DPR ___ (2024); *Dorante v. Wrangler of P.R.,* 145 DPR 408, 414 (1998). En este supuesto, la función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para constituir una reclamación válida. *Blassino Alvarado et al v. Reyes Blassino et al,* supra; *Pressure Vessels PR v. Empire Gas PR,* supra, pág. 505. Por tanto, si el tribunal estima que una demanda no sobrevive un ataque bajo la mencionada Regla, debe desestimarla sin dar paso a más procedimientos. Así, "[d]e determinar que no cumple con el estándar de plausibilidad, el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento pueden probarse las alegaciones conclusorias". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 307 (6ta Ed. 2017).

**B**

Por otro lado, el estado de derecho actual reconoce que la doctrina de cosa juzgada es una muy provechosa y necesaria para

la sana administración de la justicia. *Fonseca et al. v. Hosp. HIMA,* 184 DPR 281, 294 (2012). A través de su aplicación, el ordenamiento jurídico cumple una dualidad de propósitos; mientras garantiza el interés del Estado de velar porque los litigios culminen definitivamente, de forma tal que se propenda a la certidumbre y seguridad de los derechos declarados por vía judicial, también procura evitar en los ciudadanos las molestias que implica litigar nuevamente una misma causa. *Presidential v. Transcaribe,* 186 DPR 263, 274 (2012); *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 151 (2008); *Parrilla v. Rodríguez,* 163 DPR 263, 268 (2004). Así, la referida norma ciertamente versa sobre "lo ya resuelto por fallo firme de un Juez o Tribunal competente y lleva en sí la firmeza de su irrevocabilidad". J.M. Manresa, *Comentarios al Código Civil Español,* 6ta Ed., Madrid, ED. Reus, 1967, T. VIII, Vol. 2, pág. 278.

Un litigante resulta airoso al levantar la defensa de cosa juzgada, siempre que acredite la más idónea concurrencia entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Rodríguez Ocasio v. ACAA,* 197 DPR 852, 862 (2017). Respecto a la exigencia de *identidad entre las cosas,* la doctrina interpretativa de la norma reconoce que la misma alude a que se promueva un segundo pleito, cuya esencia versa sobre el mismo asunto del cual se dispuso en uno anterior. Siendo así, el criterio medular a examinarse para determinar si, en efecto, tal aspecto está presente, es el bien jurídico cuya protección o concesión se solicita, ello a la luz de los planteamientos que se generan en torno al mismo. En este contexto, merece especial atención el hecho de si el segundo pronunciamiento judicial, contradice el derecho afirmado en la decisión anterior. *Presidential v. Transcaribe,* supra, pág. 274; *Rodríguez v. Colberg,* 131 DPR 212, 219-220 (1989); *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753, 764 (1981).

En cuanto al requisito de *identidad de causas*, ésta se logra establecer cuando se demuestra que tanto en el primer pleito, como en aquel en el que se levanta la defensa de cosa juzgada, los hechos y fundamentos de las respectivas peticiones son idénticos respecto a la cuestión planteada. *Presidential v. Transcaribe*, supra, pág. 275. De este modo, la causa resulta ser el motivo principal de pedir, por lo que, para efectos de la aplicación de la *res judicata*, se refiere al origen de las acciones o excepciones planteadas y resueltas; y no a los medios de prueba ni a los fundamentos legales en los que las partes descansan sus argumentos. *Id.*; *Rodríguez v. Colberg*, supra, pág. 219; *Beníquez et al v. Vargas et al*, 184 DPR 281, 223 (2012). "Al determinar si existe identidad de causas de acción, debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos". *Presidential v. Transcaribe*, supra, pág. 275; *Martínez Díaz v. E.L.A.,* 182 DPR 580, 586 (2011).

Por último, relativo al requisito de la *identidad de partes*, la norma ha sido enfática en que el mismo se cumple en cuanto a aquellos que intervienen en el proceso de que trate, a nombre y en interés propio. Lo anterior necesariamente implica que las partes involucradas en ambos procedimientos sean las mismas o se hayan en relación mutua con otra. *Presidential v. Transcaribe*, supra, pág. 276.

[...]

[h]ay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén en el unidos a ellos por vínculos de solidaridad, o por lo que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas. *Id.*

En lo pertinente al presente caso, nuestro Tribunal Supremo ha establecido que el impedimento colateral por sentencia es una de las modalidades de la doctrina de cosa juzgada. Esta aplica cuando

un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia final y firme, y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas. *MAPFRE v. ELA*, 209 DPR 910, 956-957, (2022); *Coop. Seg. Múlt. v. ELA*, 180 DPR 655, 672-673 (2011); *Suárez Morales v. ELA*, 162 DPR 43, 59 (2004); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 763 (1981). Esta modalidad se distingue de la cosa juzgada en que no es necesario que se dé el requisito de identidad de causas para su aplicación. *MAPFRE v. ELA*, supra, pág. 957; *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 221 (1992). Al igual que la doctrina de cosa juzgada, esta tiene como fin promover la economía procesal y judicial, proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones cuando se trate de la misma controversia, y evitar litigios innecesarios y sentencias incongruentes. *Presidential v. Transcaribe*, supra, pág. 276.

No obstante, la aplicación de la mencionada doctrina es improcedente cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto, y no ha resultado ser la parte perdidosa en el litigio anterior. *Presidential v. Transcaribe*, supra, pág. 277; *Beníquez et al v. Vargas et al*, supra, pág. 223. A su vez, la doctrina de impedimento colateral por sentencia tampoco aplica a asuntos que pudieron ser litigados y determinados en el primer caso y no lo fueron. Su aplicación se limita a aquellas cuestiones que en efecto fueron litigadas y adjudicadas. *Presidential v. Transcaribe*, supra, pág. 277.

### C

De otra parte, el mecanismo de ejecución de sentencia pretende garantizar a los litigantes la continuación de un proceso judicial, luego de haberse dictado una sentencia, cuando la parte

obligada por el dictamen incumple con los términos del mismo. *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 247-248 (2007).

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51, expresamente regula los términos y el alcance del proceso de ejecución de sentencia. En específico, se dispone como sigue:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en la Regla 51 de este apéndice, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

32 LPRA Ap. V, R. 51.1.

De conformidad con el antedicho precepto, toda parte beneficiada por los términos de un dictamen final y firme dispone de cinco (5) años, desde concurrida la finalidad, para requerir que la misma sea ejecutada, sin que sea necesaria la anuencia del tribunal ni la notificación a la parte contraria. Ahora bien, una vez expirado dicho plazo, el ordenamiento exige cumplir con las referidas formalidades. *Igaravidez v. Ricci*, 147 DPR 1, 7 (1998). Al respecto, se reconoce que ello responde a lo siguiente: (a) que la parte afectada advenga en conocimiento de que el acreedor por sentencia interesa su ejecución, así concediéndole la oportunidad de expresarse y; (b) que el tribunal quede plenamente convencido, conforme a las constancias del expediente judicial, de que la sentencia no ha sido satisfecha y de que no existe razón que impida su ejecución. *Banco Terr. y Agríc. de P.R. v. Marcial*, 44 DPR 129 (1932). Por tanto, de lo antes expuesto se puede colegir que la Regla 51.1, *supra,* no solo exige diligencia por parte de quien obtiene una sentencia a su favor y pretende hacerla efectiva. Este precepto también busca resguardar el derecho de la parte afectada en la

misma, de conocer las intenciones de su acreedor, cuando, luego de transcurrido un tiempo considerable desde que ha advenido firme, esta procura su ejecución. *Id.*

De ordinario, una petición sobre ejecución de sentencia se presenta en la misma sala sentenciadora original. *Mun. de San Juan v. Prof. Research,* supra, pág. 248. Ello así, puesto que el estado de derecho interesa promover la economía procesal, evitando que un caso entre las mismas partes, y sobre un mismo incidente, pueda estar fragmentado.

**D**

Finalmente, antes de que entrara en vigor el Código Civil de Puerto Rico de 2020, la doctrina del enriquecimiento injusto fue desarrollada por la vía jurisprudencial. Esta constituye un principio general de derecho fundado en la equidad y concebido como corolario del ideal de justicia propio de todo ordenamiento jurídico. *S.L.G. Sánchez v. S.L.G. Valentín,* 186 DPR 503, 515 (2012); *E.L.A. v. Cole,* 164 DPR 608, 632 (2005); *Ortiz Andújar v. E.L.A.,* 122 DPR 817, 822 (1988). Así, con la aprobación del nuevo Código Civil, la figura del enriquecimiento sin causa fue codificada de la siguiente manera:

> "Si una persona, sin justa causa, se enriquece a expensas de otra, está obligada a indemnizarla de la correlativa disminución patrimonial en la medida de su propio enriquecimiento, ya sea que este provenga de la obtención de una ventaja o de la evitación de un perjuicio".

> 31 LPRA sec. 10771.

La improcedencia de la acción de restitución por enriquecimiento injusto también fue regulada, y se estableció su improcedencia cuando: (a) la ley deniega la acción; (b) la ley atribuye otros efectos al enriquecimiento; (c) la ley permite al empobrecido ejercer otra acción; o (d) si entre las partes o interesados existe una relación contractual. 31 LPRA sec. 10772.

Conforme a la jurisprudencia y el nuevo articulado del Código Civil de 2020, la efectiva invocación de la doctrina de enriquecimiento injusto está supeditada a la forzosa concurrencia de los siguientes factores: 1) existencia de un enriquecimiento; 2) un correlativo empobrecimiento; 3) nexo entre el empobrecimiento y el enriquecimiento; 4) falta de causa que justifique el enriquecimiento e; 5) inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. *S.L.G. Sánchez v. S.L.G. Valentín*, supra, pág. 516; *E.L.A. v. Cole,* supra, pág. 633; *Ortiz Andújar v. E.L.A.*, supra, pág. 823. Es así como nuestro estado de derecho practica el axioma cardinal de que nadie debe enriquecerse u obtener lucro alguno, a costa del perjuicio de otro.

**III**

En la presente causa, la parte apelante plantea que erró el Tribunal de Primera Instancia al desestimar las causas de acción que ella promovió, bajo el fundamento de que la demanda de autos no expuso una reclamación que justificara la concesión de un remedio en ley. A su vez, aduce que el foro primario incidió en la aplicación de la doctrina de cosa juzgada para sostener su determinación. Al examinar los referidos señalamientos, a la luz de los hechos establecidos y el derecho aplicable, resolvemos modificar la *Sentencia* apelada, y así, se confirma.

Un examen del expediente mueve nuestro criterio a coincidir con lo resuelto por el tribunal primario, en cuanto a la desestimación de las causas de acción que emanan de la sentencia emitida en el Caso Núm. D AC2008-3368. Estas son, las acciones intituladas *Incumplimiento con la Sentencia Emitida en el Caso D AC2008-3368, Reclamo de Créditos Post Sentencia,* y *Cobro de Dinero por el Uso Exclusivo de la Residencia.* Toda vez que, en virtud de un pleito anterior e independiente al de epígrafe, los derechos y obligaciones de la parte apelante y la señora Bergollo Láncara

quedaron dispuestos, el foro primario estaba impedido de adjudicar cuestiones ya resueltas por otro tribunal competente. Nos explicamos.

Al examinar las primeras tres (3) causas mencionadas, es forzoso concluir que existe la concurrencia entre las cosas, las causas, las personas litigantes, y la calidad en que lo fueron, conforme los requisitos que exige la aplicación de la doctrina de cosa juzgada. En las referidas acciones, el apelante, en esencia, reclamó que la señora Bergollo Láncara incumplió con los términos contenidos en la sentencia emitida el 5 de diciembre de 2017, en la cual se liquidó la comunidad de bienes existente entre ambos. En específico, el referido dictamen ordenó la venta en pública subasta del inmueble sito en Toa Alta, el pago de créditos por pagos efectuados a la hipoteca de dicho inmueble y el pago de las contribuciones de un terreno comunal en el estado de Texas. Según surge en las causas de acción aquí discutidas, la parte apelante alegó que la señora Bergollo Láncara se rehusó a vender el inmueble de Toa Alta, que ha mantenido uso exclusivo del mismo, y que dejó de pagar la hipoteca que la grava, al igual que el pago de contribuciones del inmueble de Texas. Es nuestra firme postura que, las alegaciones y reclamaciones en las cuales se fundamentan estas tres (3) causas de acción emanan de la sentencia dictada en dicho caso, a tenor con las disposiciones de la doctrina de la cosa juzgada, en su modalidad de impedimento colateral por sentencia. Ante la perfecta identidad entre las partes, y versando ambas causas de acción sobre el incumplimiento de dicho dictamen, el cual advino final y firme, coincidimos con el foro apelado en cuanto a que la parte apelante está impedida de realizar una fragmentación de la causa de acción y reclamar mediante un pleito independiente la ejecución de dicha sentencia.

Ahora bien, tal cual esbozado, el Foro Primario desestimó la totalidad de las causas de acción, incluyendo las causas intituladas *Enriquecimiento Injusto*, *Reclamo de Gastos Relacionados a la Demanda del Banco Popular*, y *Daños Post Sentencia*. En estas, el foro apelado resolvió que, al amparo de la doctrina de cosa juzgada, la parte apelante no podía solicitar remedios con relación a una sentencia previamente dictada y para las cuales las Reglas de Procedimiento Civil disponen un mecanismo para solicitar su ejecución ante un incumplimiento. Tras ejercer nuestras funciones revisoras, confirmamos la desestimación de la causa intitulada *Enriquecimiento Injusto*, por otro fundamento en derecho, e intimamos que, con respecto a las últimas dos (2) causas de acción mencionadas, no procedía la desestimación. Nos expresamos.

En la causa intitulada *Enriquecimiento Injusto*, la parte apelante sostuvo que la señora Bergollo Láncara, el señor Resto Jiménez, y la Sociedad Legal de Bienes Gananciales compuesta por ambos, se han enriquecido injustificadamente del uso propio y exclusivo del inmueble sito en Toa Alta. Por tanto, solicita el pago de daños por concepto de enriquecimiento injusto. A pesar de que el foro primario desestimó la causa aplicando la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia, es forzoso que nos apartemos de este análisis, en cuanto a la acción incoada en contra del señor Resto Jiménez y la Sociedad Legal de Bienes Gananciales. Si bien es cierto que la acción de enriquecimiento injusto en contra de la señora Bergollo Láncara es materia de cosa juzgada, por cumplir con los requisitos de la referida doctrina, lo mismo no se puede concluir en cuanto la acción en contra de su esposo o la Sociedad en cuestión. En primer lugar, es evidente que, para efectos de esta causa de acción, no se cumple con el requisito de perfecta identidad entre las partes. Obsérvese que el Caso Núm. D AC2008-3368 no incluyó al señor Resto Jiménez y

a la Sociedad Legal de Bienes Gananciales compuestas por ambos. De hecho, el matrimonio entre la señora Bergollo Láncara y el señor Resto Jiménez surgió con posterioridad a la sentencia previa, por lo cual es imposible la aplicación de la doctrina de cosa juzgada por no haber identidad de partes. Por tanto, debido a que la aplicación de la mencionada doctrina es improcedente cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto, es forzoso que descartemos su aplicación de inmediato, en cuanto a las acciones incoadas contra el señor Resto Jiménez y la Sociedad Legal de Bienes Gananciales.

Ahora bien, la efectiva invocación de la doctrina de enriquecimiento injusto exige la concurrencia de ciertos factores, incluyendo la inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. Es decir, la acción por alegado enriquecimiento injusto solo es de aplicación en defecto de ley u obligación que provea para otra causa de acción. En el caso ante nos, el alegado enriquecimiento injusto del señor Resto Jiménez y la Sociedad Legal de Bienes Gananciales surge del uso propio y exclusivo del inmueble sito en Toa Alta. Cónsono con lo discutido anteriormente, el dictamen emitido en el Caso Núm. D AC2008-3368 ordenó la venta en pública subasta de dicho inmueble. Es decir, la parte apelante tenía el mecanismo de ejecución de sentencia como el remedio en ley para evitar el alegado enriquecimiento por la parte apelada. Sin embargo, este se cruzó de brazos y no agotó los remedios procesales y sustantivos provistos por nuestro ordenamiento jurídico para ejecutar la sentencia, y así evitar cualquier potencial enriquecimiento injusto. Por tanto, somos del criterio que, conforme la Regla 10.2(5) de Procedimiento Civil, *supra*, la causa de acción por enriquecimiento injusto contra el señor Resto Jiménez y la Sociedad Legal de Bienes Gananciales tiene

que ser desestimada por dejar de exponer una reclamación que justifique la concesión de un remedio en ley.

En cuanto a la causa de acción intitulada *Reclamo de Gastos Relacionados a la Demanda del Banco Popular*, el apelante reclamó que, tanto él como la señora Bergollo Láncara, fueron demandados en cobro de dinero y ejecución de hipoteca por el Banco Popular de Puerto Rico. Adujo que fue él quien sufragó todos los gastos relacionados a la contratación de un representante legal para que no fuese ejecutado el inmueble sito en Toa Alta, a pesar de la señora Bergollo Láncara ser demandada en el pleito, y haberse beneficiado de la paralización obtenida por los trámites realizados por él. Conforme el derecho esbozado anteriormente, concluimos que no procedía su desestimación. Nos explicamos.

Al entender sobre los documentos que ante nos obran, no podemos, sino, concluir, que, en su gestión adjudicativa, el foro primario dispuso del asunto de manera sumaria, sin haberse hecho presentes los criterios aplicables al referido mecanismo. A saber, el foro apelado aplicó la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia, a pesar de que, al examinar los hechos de los que emana la referida causa, estos surgen de un pleito independiente, incoado por el Banco Popular en el año 2022. Ciertamente, los hechos de los cual versa dicha causa de acción surgieron con posterioridad a la sentencia del año 2017, por lo cual no podía ser ejecutada en el Caso Núm. D AC2008-3368. Por tanto, la aplicación de la doctrina de cosa juzgada es improcedente por no cumplirse el requisito de identidad de cosa y causa establecido por el ordenamiento jurídico.

Por otra parte, de la faz de la referida causa de acción, surgen hechos específicamente alegados, susceptibles a establecer una causa de acción válida, y demostrativos de la posibilidad de tener derecho a algún remedio en ley, ello puesto que, las alegaciones

evocan instancias particularizadas que permiten entrever el contexto general de los eventos en los que se desarrolló la controversia entre las partes. Por tanto, ante ello, y bajo el criterio de liberalidad que se admite en la función adjudicativa propia a la evaluación del contenido de una demanda, el Tribunal de Primera Instancia debió haber admitido como correctos los hechos expuestos en la demanda de epígrafe, y no debió desestimarlos conforme la Regla 10.2(5) de Procedimiento Civil, *supra.*

En lo pertinente a la causa de acción intitulada *Daños Post Sentencia,* el apelante alegó que la señora Bergollo Láncara y él llegaron a un acuerdo verbal, el 3 de marzo de 2022, el cual sería firmado por ambas partes. No obstante, la parte apelante planteó que, después de perfeccionado el mismo, la señora Bergollo Láncara incumplió con su obligación y se rehusó a firmarlo. Por esa razón, el apelante reclamó el pago de daños por concepto de los sufrimientos emocionales causados por el incumplimiento doloso del acuerdo post-sentencia con la señora Bergollo Láncara.

Tras examinar el expediente de autos, nos resulta imposible coincidir con el tribunal primario en cuanto a que el acuerdo post-sentencia entre el apelante y la señora Bergollo Láncara, perfeccionado el 3 de mayo de 2022, emana de la sentencia dictada en el año 2017. Puesto que, según alegado, el acuerdo surge de negociaciones posteriores e independientes entre las partes. Por lo tanto, dicha causa de acción no podía ser ejecutada en el Caso Núm. D AC2008-3368. A saber, no procede la aplicación de la doctrina de cosa juzgada por no haber identidad de cosa y causa entre la adjudicación del pleito anterior y la alegación que atendemos. Además, de su faz surgen hechos específicamente alegados, susceptibles a establecer una causa de acción válida y demostrativos de la posibilidad de tener derecho a algún remedio en ley. Tomadas como ciertas las alegaciones de la parte apelante,

siendo estas, que sostuvo negociaciones con la señora Bergollo Láncara, que ambos perfeccionaron un acuerdo verbal el 3 de mayo de 2022, y que dicho acuerdo fue incumplido por la señora Bergollo Láncara, el Tribunal de Primera Instancia debió haber sostenido la posible concesión de un remedio en derecho, y no debió desestimarlos.

Al entender sobre el expediente de autos, intimamos que el pronunciamiento apelado, si bien es uno correcto en derecho, ello en cuanto a la desestimación de las causas intituladas *Incumplimiento con la Sentencia Emitida en el Caso D AC2008-3368*, *Reclamo de Créditos Post Sentencia*, *Cobro de Dinero por el Uso Exclusivo de la Residencia*, y *Enriquecimiento Injusto* en contra de la señora Bergollo Láncara, amerita ser modificado respecto a la desestimación de las restantes. Así pues, por este medio determinamos que procede la desestimación de la causa de *Enriquecimiento Injusto* contra el señor Resto Jiménez y la Sociedad Legal de Bienes Gananciales por otro fundamento en derecho, y revocamos la desestimación de las causas intituladas *Reclamo de Gastos Relacionados a la Demanda del Banco Popular* y *Daños Post Sentencia*, por no ser de aplicación la doctrina de cosa juzgada.

**IV**

Por los fundamentos que anteceden, se modifica la *Sentencia* apelada, y así, la misma se confirma. Consecuentemente, se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos, conforme el dictamen emitido por este Foro.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones